Joshua A. Sussberg, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet, P.C. (admitted *pro hac vice*)
Christopher S. Koenig
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Initial Debtors and
Debtors in Possession*

*Proposed Counsel to the GK8 Debtors and Debtors
in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CELSIUS NETWORK LLC, *et al.*,[1] | ) | Case No. 22-10964 (MG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**GLOBAL NOTES AND STATEMENT OF**
**LIMITATIONS, METHODOLOGY AND DISCLAIMERS**
**REGARDING THE GK8 DEBTORS' SCHEDULES OF ASSETS**
**AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

GK8 Ltd., GK8 USA LLC, and GK8 UK Limited, as debtors and debtors in possession in the above-captioned chapter 11 cases (the "GK8 Debtors", and together with the other above-captioned debtors and debtors in possession, the "Debtors"), have filed these respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") in the United States Bankruptcy Court for the Southern District of New York (the "Court"). The GK8 Debtors, with the assistance of their legal and financial advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code (the "Bankruptcy Code"), rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

---

1    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining IL Ltd. (7106); Celsius Mining LLC (1387); Celsius Network IL Ltd. (7294); Celsius Network Inc. (1219); Celsius Network Limited (0143); Celsius Networks Lending LLC (8417); Celsius US Holding LLC (7956); GK8 Ltd. (1209); GK8 USA LLC (9450); and GK8 UK Limited (0893). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these chapter 11 cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

rule 1007–1 of the Bankruptcy Local Rules for the Southern District of New York (the "Local Rules").

Mr. Chris Ferraro, Acting Board Member and Chief Financial Officer of the GK8 Debtors, has signed each set of the Schedules and Statements. Mr. Ferraro is an authorized signatory for each of the GK8 Debtors. In reviewing and signing the Schedules and Statements, Mr. Ferraro has necessarily relied upon the efforts, statements, advice, and representations of personnel of the GK8 Debtors and the GK8 Debtors' legal and financial advisors. Mr. Ferraro has not (and could not have) personally verified the accuracy of each such statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and respective creditor contact information.

In preparing the Schedules and Statements, the GK8 Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the GK8 Debtors have made commercially reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. For the avoidance of doubt, the GK8 Debtors hereby reserve all of their rights under the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, including to amend and/or supplement the Schedules and Statements, as may be necessary or appropriate.

These *Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the GK8 Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, each GK8 Debtor's respective Schedules and Statements. The Global Notes should be referred to and considered in connection with any review of the Schedules and Statements.[2]

## Global Notes and Overview of Methodology

1. **Description of Cases.** On July 13, 2022 (the "Initial Petition Date"), the Initial Debtors[3] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, with the GK8 Debtors commencing additional cases on December 7, 2022 (the "GK8 Petition Date").[4] The Debtors' chapter 11 cases are being jointly administered for procedural purposes only under lead case *In re Celsius Network LLC*, Case No. 22-10964 (MG) (Bankr. S.D.N.Y.).

---

[2]   These Global Notes supplement and are in addition to any specific notes contained in each GK8 Debtor's Schedules or Statements. The fact that the GK8 Debtors have prepared a Global Note with respect to any of individual GK8 Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the GK8 Debtors to exclude the applicability of such Global Note to any of the GK8 Debtors' other Schedules and Statements, as appropriate.

[3]   The Debtors that filed voluntary petitions on July 13, 2022, are: Celsius Network LLC; Celsius KeyFi LLC; Celsius Lending LLC; Celsius Mining LLC; Celsius Network Inc.; Celsius Network Limited; Celsius Networks Lending LLC; and Celsius US Holding LLC (collectively, the "Initial Debtors").

[4]   Copies of publicly filed documents in these chapter 11 cases are available at http://cases.stretto.com/Celsius (free of charge) or the Court's website at https://www.nysb.uscourts.gov/ecf-and-pacer-information (for a fee).

The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On July 27, 2022, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 241] (the "Committee"). Additional information regarding the Committee and its legal and financial advisors can be obtained at https://cases.ra.kroll.com/CelsiusCommittee/. The information provided herein, except as otherwise noted, is reported as of the close of business on the November 30, 2022.

2.    **Reporting of Cryptocurrencies.** As further described in the *Global Notes and Statement of Limitations, Methodology and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Initial Global Notes") filed by the Initial Debtors on October 5, 2022, the applicable terms of use governing the business relationship between the Initial Debtors and their account holders are between each account holder, on the one hand, and Celsius Network LLC and its "Affiliates," on the other hand (as defined in the terms of use). This may mean that account holders of the Initial Debtors have claims against every Debtor and non-Debtor entity in the Debtors' corporate structure, including the GK8 Debtors. For that reason, the GK8 Debtors have scheduled such claims in these Statements. For further explanation as to the existence of these potential claims, please refer to the Initial Global Notes.

3.    **Reservation of Rights**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however inadvertent errors or omissions may exist. The GK8 Debtors reserve all rights available pursuant to the Bankruptcy Code, Bankruptcy Rules, or Local Rules to: (i) amend and/or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to amend the Schedules and Statements with respect to the description, designation, or GK8 Debtor against which any claim ("Claim")[5] is asserted; (ii) dispute or otherwise assert offsets, setoffs, or other defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; and, to the extent that the Court decides that account holder claims do not exist at each Debtor entity in the Account Holding Claim Ruling (as defined in the Initial Global Notes); (iii) subsequently designate any Claim as "disputed," "contingent," or "unliquidated"; or (iv) object to the extent, validity, enforceability, priority, or avoidability of any Claim (regardless of whether of such Claim is designated in the Schedules and Statements as "disputed," "contingent," or "unliquidated"). Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the GK8 Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated" or a waiver of any right to later object to any claim on any grounds. Listing a Claim does not constitute an admission of (a) liability or (b) amounts due or owed, if any, in each case, by the GK8 Debtor against which the Claim is listed or against any of the GK8 Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the GK8 Debtors' chapter 11 cases, including, without limitation,

---

[5]    For the purposes of these Global Notes, the term Claim shall have the meaning as defined under section 101(5) of the Bankruptcy Code.

issues involving or defenses against Claims, substantive consolidation, defenses, statutory, or equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation or rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

(a)     **No Admission.**  To the extent that the Court decides that account holder claims do not exist at each Debtor entity in the Account Holder Claim Ruling, nothing contained in the Schedules and Statements is intended as, or should be construed as, an admission or stipulation of the validity of any Claim against any GK8 Debtor, any assertion made therein or herein, or a waiver of any GK8 Debtor's rights to dispute any Claim or assert any cause of action or defense against any party.

(b)     **Recharacterization.**  The GK8 Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements.  Nevertheless, due to the complexity of the GK8 Debtors' business, the GK8 Debtors may not have accurately characterized, classified, categorized, or designated certain items and/or may have omitted certain items.  Accordingly, the GK8 Debtors reserve all of their rights available pursuant to the Bankruptcy Code, Bankruptcy Rules, or Local Rules to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the GK8 Petition Date and remain executory and unexpired postpetition.

(c)     **Classifications.**  Listing (i) a Claim on Schedule D as "secured," (ii) a Claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the GK8 Debtors of the legal rights of the claimant or contract counterparty, or a waiver of the GK8 Debtors' rights to object to such claim, recharacterize or reclassify such Claim or contract or to setoff such Claims.

(d)     **Estimates and Assumptions.**  The preparation of the Schedules and Statements required the GK8 Debtors to make commercially reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods.  Actual results could differ from such estimates.

(e)     **Causes of Action.**  Despite reasonable efforts, the GK8 Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The GK8 Debtors reserve all rights with respect to any causes of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or

recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the GK8 Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law they may have (collectively, "Causes of Action"), and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any such Claims, Causes of Action, or avoidance actions or in any way prejudice or impair the assertion of such Claims or Causes of Action.

**(f)**  **Intellectual Property Rights.**  Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

**(g)**  **Cryptocurrency.**  Certain of the GK8 Debtors' assets are cryptocurrencies, or digital tokens, based on a publicly accessible blockchain.  Cryptocurrencies are unique assets.  Certain laws and regulations that may be applicable to cryptocurrencies do not contemplate or address unique issues associated with the cryptocurrency economy, are subject to significant uncertainty, and vary widely across U.S. federal, state, and local and international jurisdictions.  The GK8 Debtors make no representations or admissions concerning the status of cryptocurrency as a "security" under any state, federal, or local domestic or international statute, including United States federal securities laws, and reserve all rights to amend and/or supplement the Schedules and Statements as they deem appropriate in this regard.

**(h)**  **Insiders.**  The GK8 Debtors have attempted to include all payments made on or within 12 months before the GK8 Petition Date to any individual or entity deemed an "insider" (and their relatives).  As to each GK8 Debtor, an individual or entity is designated as an insider for the purposes of the Schedules and Statements if such individual or entity, based on the totality of the circumstances, has at least a controlling interest in, or exercises sufficient authority over, the GK8 Debtor such that they dictate corporate policy and/or the disposition of corporate assets.  Where an individual or entity was a "close call" with respect to being included in the Schedules and Statements as an insider, the GK8 Debtors have opted for increased disclosure and resolved such "close calls" in favor of treating such individuals or entities as insiders for purposes of the Schedules and Statements.  Certain of the individuals or entities identified as insiders may not have been insiders for the

entirety of the 12-month period before the GK8 Petition Date, but the GK8 Debtors have included them herein out of an abundance of caution.

The listing or omission of a party as an insider for purposes of the Schedules and Statements is for informational purposes and is not intended to be, nor should it be, construed as an admission that those parties are insiders for purpose of section 101(31) of the Bankruptcy Code. Information regarding the individuals or entities listed as insiders in the Schedules and Statements may not be used for: (a) the purposes of determining (i) control of the GK8 Debtors; (ii) the extent to which any individual or entity exercised management responsibilities or functions; (iii) corporate decision-making authority over the GK8 Debtors; or (iv) whether such individual or entity could successfully argue that it is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (b) any other purpose. Furthermore, the listing or omission of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses available pursuant to the Bankruptcy Code, Bankruptcy Rules, or Local Rules are hereby expressly reserved.

**4.    Methodology.**

(a)    <u>**Basis of Presentation**</u>.  Information contained in the Schedules and Statements has been derived from the GK8 Debtors' books and records and historical financial statements.  The Schedules and Statements have not, however, been subject to procedures that would typically be applied to financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("<u>GAAP</u>") or International Financial Reporting Standards ("<u>IFRS</u>") and are not intended to reconcile fully with any financial statements of each GK8 Debtor prepared under GAAP or IFRS.  Therefore, combining the assets and liabilities set forth in the Schedules and Statements would result in amounts that are substantially different from financial information that would be prepared on a consolidated basis under GAAP or IFRS.  .  Unlike the consolidated financial statements, the Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each separate GK8 Debtor.  Moreover, given, among other things, the uncertainty surrounding the valuation, collection, and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a GK8 Debtor shows more assets than liabilities, it is not an admission that the GK8 Debtor was solvent as of the GK8 Petition Date or at any time before the GK8 Petition Date. Likewise, to the extent a GK8 Debtor shows more liabilities than assets, it is not an admission that the GK8 Debtor was insolvent at the GK8 Petition Date or any time before the GK8 Petition Date.  For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the GK8 Debtors' enterprise value.  The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.

(b)    <u>**Confidential or Sensitive Information**</u>.  There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due

to, among other things, the nature of an agreement between a GK8 Debtor and a third party, local restrictions on disclosure, concerns about the confidential nature of certain information, or concerns for the privacy of an individual (including minors). The alterations will be limited to only what is necessary to protect the GK8 Debtor or applicable third party. The GK8 Debtors may also be authorized or required to redact certain information from the public record pursuant to orders of the Court sealing or otherwise protecting such information from public disclosure, including the *Memorandum Opinion and Order on the Debtors' Sealing Motion* [Docket No. 910]. All such redacted information shall be made available as directed by orders of the Court or to the individual account holder or creditor scheduled, as applicable.

(c)   **Duplication.**   Certain of the GK8 Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Schedules and Statements. Except as otherwise discussed below, to the extent these disclosures would be duplicative, the GK8 Debtors have determined to only list such assets, liabilities, and prepetition payments once.

(d)   **Net Book Value.**   In certain instances, current market valuations for certain assets are neither maintained by, nor readily available to, the GK8 Debtors. Accordingly, unless otherwise indicated, the GK8 Debtors' Schedules and Statements reflect net book values. Market values may vary, sometimes materially, from net book values. The GK8 Debtors believe that it would be an inefficient use of estate assets for the GK8 Debtors to obtain the current market values of their property. Accordingly, the GK8 Debtors have indicated in the Schedules and Statements that the values of certain assets and liabilities are undetermined or unknown.

Certain other assets, such as investments in subsidiaries and other intangible assets, are listed at undetermined amounts, as the net book values may differ materially from fair market values. Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material. Accordingly, the GK8 Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

In addition, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the GK8 Debtors with respect to such asset. Given, among other things, the current market valuation of certain assets and the valuation and nature of certain liabilities, nothing in the Schedules and Statements shall be, or shall be deemed to be, an admission that any GK8 Debtor was solvent or insolvent as of the GK8 Petition Date.

**(e)**     **Property.**  The GK8 Debtors' office property leases are set forth on Schedule G. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the GK8 Debtors reserve all of their rights with respect to same.

**(f)**     **Allocation of Liabilities.**  The GK8 Debtors, in consultation with their advisors, have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.  The GK8 Debtors reserve the right to amend and/or supplement the Schedules and Statements pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules as they deem appropriate in this regard.

**(g)**     **Undetermined Amounts.**  The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

**(h)**     **Unliquidated Claim Amounts.**  Claim amounts that could not be readily quantified by the GK8 Debtors are scheduled as "unliquidated."

**(i)**     **Totals.**  All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

**(j)**     **Valuation of Cryptocurrency.**  Cryptocurrency amounts are generally listed by coin amount rather than a conversion to price in U.S. dollars.  To the extent cryptocurrency values are presented in U.S. dollars, they reflect the valuation as set forth in the GK8 Debtors' books and records as of the November 30, 2022 or the time of the relevant transaction, as applicable.  Actual net realizable value may vary significantly.  The GK8 Debtors reserve all rights available pursuant to the Bankruptcy Code, Bankruptcy Rules, or Local Rules in this respect with such values presented in the Schedules and Statements.

**(k)**     **Paid Claims.**  Pursuant to certain orders of the Court entered in the Debtors' chapter 11 cases entered shortly after the Initial Petition Date and GK8 Petition Date (collectively, the "First Day Orders") as well as other orders of the Court, the GK8 Debtors have authority to pay certain outstanding prepetition payables pursuant to bankruptcy or other court order; as such, outstanding liabilities may have been reduced by any court-approved postpetition payments made on prepetition payables.  Where and to the extent these liabilities have been satisfied, they are not listed in the Schedules and Statements, unless otherwise indicated. Regardless of whether such claims are listed in the Schedules and Statements, to the extent the GK8 Debtors later pay any amount of the claims listed in the Schedules and Statements pursuant to any orders entered by the Court, the GK8 Debtors

reserve all rights to amend or supplement the Schedules and Statements or to take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities. Nothing contained herein should be deemed to alter the rights of any party in interest to contest a payment made pursuant to an order of the Court where such order preserves the right to contest such payment.

**(l)**   **Intercompany Receivables and Payables.**  Receivables and payables among the GK8 Debtors and their non-GK8 Debtor affiliates are reported on Schedule A/B and Schedule E/F, respectively, per the GK8 Debtors' books and records. Intercompany loan amounts scheduled may include accrued and unpaid interest. The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission or conclusion of the GK8 Debtors' regarding the allowance, classification, validity, or priority of such account or characterization of such balances as debt, equity, or otherwise.  For the avoidance of doubt, the GK8 Debtors reserve all rights, claims, and defenses available pursuant to the Bankruptcy Code, Bankruptcy Rules, or Local Rules in connection with any and all intercompany receivables and payables, including with respect to the characterization of intercompany claims, loans, and notes.

As described more fully in the *Debtors' Motion Seeking Entry of Interim and Final Orders (I) Authorizing the GK8 Debtors to (A) Continue to Operate The GK8 Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Continue to Perform GK8 Intercompany Transactions, (II) Granting Superpriority Administrative Expense Status To Postpetition Intercompany Balances, And (III) Granting Related Relief* [Docket No. 1621] (the "Cash Management Motion"), the GK8 Debtors engage in a range of intercompany transactions in the ordinary course of business.  Pursuant to the interim order granting certain of the relief requested in the Cash Management Motion on an interim basis [Docket No. 1653] (the "Cash Management Order"), the Court has granted the GK8 Debtors authority to continue these intercompany transactions in the ordinary course of business on an interim basis.  Thus, intercompany balances as of the November 30, 2022, as set forth in Schedule E/F or Schedule A/B 77, may not accurately reflect current positions.

**(m)**   **Guarantees and Other Secondary Liability Claims.**  The GK8 Debtors have exercised reasonable efforts to locate and identify guarantees in their executory contracts, unexpired leases, and other such agreements.  The GK8 Debtors may have inadvertently omitted guarantees embedded in their contractual agreements and may identify additional guarantees as they continue their review of their books and records and contractual agreements.  The GK8 Debtors reserve their rights to amend the Schedules and Statements if additional guarantees are identified.

**(n)**   **Excluded Assets and Liabilities.**  The GK8 Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including without limitation, accrued salaries and employee benefit accruals.  In addition and as set forth above, the GK8 Debtors may have excluded amounts for

which the GK8 Debtors have paid or have been granted authority to pay pursuant to the First Day Orders or other order that may be entered by the Court. Additionally, certain immaterial or *de minimis* assets and liabilities may have been excluded.

(o)    **Currency**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars or amount of cryptocurrency coins.

(p)    **Setoffs**.  The GK8 Debtors may incur certain setoffs and other similar rights during the ordinary course of business.  Offsets in the ordinary course can result from various items, including, without limitation, margin call or other lending-related transactions, intercompany transactions, pricing discrepancies, returns, and other disputes between the GK8 Debtors and their account holders and/or suppliers. These offsets and other similar rights are consistent with the ordinary course of business in the GK8 Debtors' industry and may not be tracked separately. Therefore, although such offsets and other similar rights may have been included in the Schedules, other offsets are not independently accounted for, and as such, may be excluded from the Schedules.

(q)    **Claims and Causes of Action**.  The GK8 Debtors, despite reasonable efforts, may not have identified and/or set forth all of their Causes of Action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets.  The GK8 Debtors reserve all of their rights available pursuant to the Bankruptcy Code, Bankruptcy Rules, or Local Rules with respect to any Claims, Causes of Action, or avoidance actions they may have and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions, or Causes of Action or in any way prejudice or impair the assertion of such claims.

(r)    **Executory Contracts**.  Although the GK8 Debtors made diligent efforts to attribute an executory contract to its rightful GK8 Debtor, in certain instances, the GK8 Debtors may have inadvertently failed to do so.  Accordingly, the GK8 Debtors reserve all of their rights available pursuant to the Bankruptcy Code, Bankruptcy Rules, or Local Rules with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

(s)    **Claims of Third-Party Related Entities**.  While the GK8 Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the GK8 Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the GK8 Debtors' obligations to same.  Therefore, to the extent that the GK8 Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

(t)     **Umbrella or Master Agreements.**   Contracts listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the GK8 Debtors.  Where relevant, such agreements have been listed in the Schedules and Statements only of the GK8 Debtor that signed the original umbrella or master agreement.  The master service agreements have been listed in Schedule G, but do not reflect any decision by the GK8 Debtor as to whether or not such agreements are executory in nature.

(u)     **Credits and Adjustments.**  The Claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the GK8 Debtors' books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the GK8 Debtors or (ii) be net of accrued credits, allowances, or other adjustments that are actually owed by a creditor to the GK8 Debtors on a postpetition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and vendor payments, if applicable.  The GK8 Debtors reserve all of their rights available pursuant to the Bankruptcy Code, Bankruptcy Rules, or Local Rules with regard to such credits, allowances, or other adjustments, including, but not limited to, the right to modify the Schedules, assert claims objections and/or setoffs with respect to the same, or apply such allowances in the ordinary course of business on a post-petition basis.

(v)     **Payments.**  The financial affairs and business of the GK8 Debtors are complex. Prior to the GK8 Petition Date, the GK8 Debtors maintained a cash management and disbursement system in the ordinary course of their businesses, as described in the Cash Management Motion, as defined herein.  Although efforts have been made to attribute open payable amounts to the correct legal entity, the GK8 Debtors reserve all of their rights available pursuant to the Bankruptcy Code, Bankruptcy Rules, or Local Rules to modify or amend their Schedules and Statements to attribute such payment to a different legal entity, if appropriate.

5.     **Specific Schedules Disclosures.**

(a)     **Schedule A/B, Question 3 – Checking, Savings, Money Market, or Financial Brokerage Accounts.**  Amounts listed are as of the GK8 Petition Date for the corresponding GK8 Debtor and reflect the actual bank balance, not the net book value.

(b)     **Schedule A/B, Questions 7 and 8 – Deposits and Prepayments.**  The GK8 Debtors are required to make deposits or prepayments from time to time with various vendors and other service providers in the ordinary course of business.  The GK8 Debtors have exercised reasonable efforts to report the current value of any deposits or prepayments.  The GK8 Debtors may have inadvertently omitted deposits or prepayments and conversely may have reported deposits or prepayments that are no longer outstanding. The GK8 Debtors reserve their rights pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules to

amend the Schedules and Statements if deposits or prepayments are incorrectly identified.

(c)    **Schedule A/B, Question 15 – Non-Publicly Traded Stock.** Equity interests in subsidiaries and affiliates primarily arise from common stock ownership or member or partnership interests. For purposes of these Schedules, the GK8 Debtors have listed an undetermined value for the equity interests of all subsidiaries and affiliates. Nothing in these Schedules is an admission or conclusion of the GK8 Debtors regarding the value of such subsidiary and affiliate equity interests, which, under certain fair market or enterprise valuation analyses, may have value.

Book values of assets prepared in accordance with GAAP generally do not reflect the current performance of the assets or the impact of the industry environment and may differ materially from the actual value and/or performance of the underlying assets. As such, the value listed in these Schedules and Statements cannot be, and was not, used to determine the GK8 Debtors' enterprise valuation.

(d)    **Schedule A/B, Question 55 – Real Property.** The GK8 Debtors do not own any real property. The GK8 Debtors' office and other property leases are set forth on Schedule G.

(e)    **Schedule A/B, Question 73 – Interests in insurance policies or annuities.** The GK8 Debtors have included a listing of their insurance policies in response to Question 73, however, a determination as to the surrender or refund value of each of the insurance policies has not been made and, therefore, the balance is listed as undetermined.

(f)    **Schedule A/B, Question 77 – Other property of any kind not already listed.** Schedule A/B, Question 77 lists, among other things, the GK8 Debtors' cryptocurrency, or digital tokens, assets based on a publicly accessible blockchain. The current value shown reflects the valuation as booked in the GK8 Debtors' books and records as of November 30, 2022. All figures set forth in Schedule A/B, Question 77 are preliminary, unreviewed, and unaudited and are subject to final adjustments following, *inter alia*, completion of quarterly and year-end close procedures.

(g)    **Schedule D – Creditors Who Have Claims Secured by Property.** Except as otherwise agreed pursuant to a stipulation, or agreed order, or general order entered by the Court that is or becomes final, the GK8 Debtors and their estates reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to any creditor of any GK8 Debtor. The GK8 Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim.

The GK8 Debtors have not included on Schedule D parties that may believe their GK8 Claims are secured through setoff rights or inchoate statutory lien rights.

(h) **Schedule E/F – Creditors Who Have Unsecured Claims.** The listing of any Claim on Schedule E/F does not constitute an admission by the GK8 Debtors that such Claim or any portion thereof is entitled to priority treatment under section 507 of the Bankruptcy Code. The GK8 Debtors reserve all of their rights available pursuant to the Bankruptcy Code, Bankruptcy Rules, or Local Rules to dispute the amount and/or the priority status of any Claim on any basis at any time.

*Part 1 - Creditors with Priority Unsecured Claims.* Pursuant to the *Final Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief* [Docket No. 526] (the "Taxes Order"), made applicable to the GK8 Debtors pursuant to the *Order (I) Applying Certain Orders in Initial Debtors' Chapter 11 Cases to GK8 LTD., GK8 USA LLC, and GK8 UK Limited And (II) Granting Related Relief* [Docket No. 1655] (the "Omnibus Order"), the Court granted the GK8 Debtors authority to pay, in their sole discretion, certain tax liabilities and regulatory fees, including certain business licensing fees, that accrued prepetition. Accordingly, any unsecured priority claims based upon prepetition tax accruals that have been or will be paid pursuant to the Taxes Order and Omnibus Order are not listed in Schedule E.

Furthermore, pursuant to the *Final Order Authorizing the Debtors to (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* [Docket No. 518] (the "Wages Order"), made applicable to the GK8 Debtors pursuant to the Omnibus Order, the Court granted the GK8 Debtors authority to pay or honor certain prepetition obligations for employee wages, salaries, and other compensation, reimbursable employee expenses, and employee medical and similar benefits, in the ordinary course of business. The GK8 Debtors believe that all such Claims have been, or will be, satisfied in the ordinary course during their chapter 11 cases pursuant to the authority granted in the Wages Order and the Omnibus Order, and such satisfied amounts are not set forth on Schedule E.

The listing of a claim on Schedule E/F, Part 1 does not constitute an admission by the GK8 Debtors that such claim or any portion thereof is entitled to priority status.

*Part 2 - Creditors with Nonpriority Unsecured Claims.*

Pursuant to the *Final Order (I) Authorizing the Debtors to Pay Prepetition Claims of Certain Critical Vendors, Foreign Vendors, 503(B)(9) Claimants, and Lien Claimants, (II) Granting Administrative Expense Priority to All Undisputed Obligations on Account of Outstanding Orders, and (III) Granting Related Relief* [Docket No. 520] (the "Critical Vendors Order"), made applicable to the GK8 Debtors pursuant to the Omnibus Order, the Court granted the GK8 Debtors authority to pay, in their sole discretion, certain trade claims that accrued

prepetition. Accordingly, any unsecured claims based upon prepetition trade accruals that have been paid pursuant to the Critical Vendors Order and Omnibus Order are not listed in Schedule E/F, Part 2.

The liabilities identified in Schedule E/F, Part 2 are derived from the GK8 Debtors' books and records. The GK8 Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of Claims against the GK8 Debtors may vary from those liabilities represented on Schedule E/F, Part 2. The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed Claims or the correct amount of all unsecured Claims. Certain creditors listed on Schedule E/F may owe amounts to the GK8 Debtors and, as such, the GK8 Debtors may have valid setoff or recoupment rights with respect to such amounts, including on account of outstanding cryptocurrency or other loans. The amounts listed on Schedule E/F do not reflect any such right of setoff or recoupment and the GK8 Debtors reserve all rights to assert any such setoff or recoupment rights.

Schedule E/F, Part 2 does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the GK8 Petition Date; however, such amounts are reflected on the GK8 Debtors' books and records as required in accordance with GAAP.

The claims of individual creditors for, among other things, goods, services, or taxes listed on the GK8 Debtors' books and records may not reflect credits or allowances due from such creditors. The GK8 Debtors reserve all of their rights in respect of such credits or allowances. The dollar amounts listed may be exclusive of contingent or unliquidated amounts.

(i)   **Schedule G – Executory Contracts and Unexpired Leases.** While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. The GK8 Debtors reserve all rights pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules to supplement or amend Schedule G as necessary.

Certain relationships between the GK8 Debtors and their vendors and account holders may be governed by a master services agreement, under which counterparties may place purchase orders or other ancillary agreements which may be considered executory contracts.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the GK8 Petition Date or is valid or enforceable. The GK8 Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal

and other miscellaneous rights.  Such rights, powers, duties, and obligations are not set forth separately on Schedule G.  In addition, the GK8 Debtors may have entered into various other types of agreements in the ordinary course of their business, such as supplemental agreements and letter agreement, which documents may not be set forth in Schedule G.

The GK8 Debtors reserve all rights to dispute or challenge the characterization of any transaction or any document or instrument related to a creditor's claim.

In some cases, the same counterparty may appear multiple times in Schedule G.  Multiple listings, if any, reflect distinct agreements between the applicable GK8 Debtor and such supplier or provider.

The listing of any contract on Schedule G does not constitute an admission by the GK8 Debtors as to the validity of any such contract.  The GK8 Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  The GK8 Debtors' rights under the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules with respect to any such omitted contracts or agreements are not impaired by the omission.

6.      **Specific Statements Disclosures.**

(a)     **Statement Question 3 – Payments to Creditors.**   All accounts payable disbursements listed in Statement Question 3 are made through the GK8 Debtors' cash management system, more fully described in the Cash Management Motion.  Dates listed in Statement Questions 3 reflect the dates upon which the GK8 Debtor transferred funds to the relevant payee or disbursing agent.  Certain disbursements may be excluded from Statement 3, such as disbursements to retained professionals (reported elsewhere).  Certain payroll-related pass-through payments have been excluded from Statement 3.

For the avoidance of doubt, any payments made in connection with the GK8 Debtors' bankruptcy within the 12-month period prior to the GK8 Petition Date are disclosed in response to Statement Question 11 and therefore are not listed in response to Statement Question 3.  Further, any payments made to an insider within the 12-month period prior to the GK8 Petition Date are disclosed in response to Statement Question 4 and therefore are not listed in response to Statement Question 3.

(b)     **Statement Question 4 – Payments to Insiders.**  The GK8 Debtors have responded to Statement Questions 4 and 30 in detailed format by insider in the attachment for Statement Question 4.

The GK8 Debtors have also reported monthly intercompany positions in Statement Question 4.  In addition, intercompany payables and receivables as of November 30, 2022 can be found on Schedule E/F and Schedule AB.

To the extent: (i) a person qualified as an insider in the year prior to the GK8 Petition Date but later resigned their insider status or (ii) did not begin the year as an insider but later became an insider, the GK8 Debtors have listed in response to Statement Question 4 all payments or transfers made during the applicable 12-month period, irrespective of when such person was defined as an "insider."

As discussed above, the inclusion of a party as an insider is not intended to be, nor should be, construed as a legal characterization of such party as an insider and does not act as an admission of any fact, Claim, right, or defense, and any such rights, Claims, and defenses are hereby expressly reserved.

(c)    **Statement Question 11 – Payments Made Related to Bankruptcy.**  Although the GK8 Debtors have made reasonable efforts to distinguish between payments made for professional services related and unrelated to their restructuring efforts, some amounts listed in response to Statement Question 11 may include payments for professional services unrelated to bankruptcy.

Additionally, out of an abundance of caution, the GK8 Debtors have listed all payments related to their restructuring efforts made by or on behalf of the Debtors within 1 year before the GK8 Petition Date.

*       *       *       *       *

| Fill in this information to identify the case: |
| --- |

| Debtor name | GK8 USA LLC |
| United States Bankruptcy Court for the: | Southern District of New York |
| Case number (If known) | 22-11644 |

☐ Check if this is an amended filing

## Official Form 207

### Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages,  write the debtor's name and case number (if known).

**Part 1:    Income**

**1.  Gross revenue from business**

☑ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
| --- | --- | --- | --- | --- | --- |
| From the beginning of the fiscal year to filing date: | From _____ MM/DD/YYYY | to | _____ | ☐ Operating a business ☐ Other _____ | $ _____ |
| For prior year: | From _____ MM/DD/YYYY | to | _____ MM/DD/YYYY | ☐ Operating a business ☐ Other _____ | $ _____ |
| For the year before that: | From _____ MM/DD/YYYY | to | _____ MM/DD/YYYY | ☐ Operating a business ☐ Other _____ | $ _____ |

**2.  Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | | | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
| --- | --- | --- | --- | --- | --- |
| From the beginning of the fiscal year to filing date: | From _____ MM/DD/YYYY | to | _____ | _____ | $ _____ |
| For prior year: | From _____ MM/DD/YYYY | to | _____ MM/DD/YYYY | _____ | $ _____ |
| For the year before that: | From _____ MM/DD/YYYY | to | _____ MM/DD/YYYY | _____ | $ _____ |

Debtor      GK8 USA LLC                                                    Case number (If known)    22-11644
_____
Name

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers including expense reimbursements to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/2025 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|
| 3.1 _____<br><br>_____<br>Street<br>_____<br>City          State          Zip Code | _____ | $ _____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other  _____ |
| 3.2 _____<br><br>_____<br>Street<br>_____<br>City          State          Zip Code | _____ | $ _____ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other  _____ |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/2025 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1 _____<br><br>_____<br>Street<br>_____<br>City          State          Zip Code | _____ | $ _____ | _____<br>_____ |

| Relationship to debtor |
|---|
| _____ |

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| 4.2 _____<br><br>_____<br>Street<br>_____<br>City          State          Zip Code | _____ | $ _____ | _____<br>_____ |

| Relationship to debtor |
|---|
| _____ |

| Debtor | GK8 USA LLC | | Case number (If known) | 22-11644 |
|---|---|---|---|---|
| | Name | | | |

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1 _____ <br> Street _____ <br> City        State        Zip Code | _____ <br> _____ | _____ | $ _____ |
| 5.2 _____ <br> Street _____ <br> City        State        Zip Code | _____ <br> _____ | _____ | $ _____ |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt .

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| _____ <br> Street _____ <br> City        State        Zip Code | _____ <br> _____ | _____ | $ _____ |

Last 4 digits of account number: XXXX - _____

**Part 3:      Legal Actions or Assignments**

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity-within 1 year before filing this case.

☑ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1 _____ <br> **Case number** _____ | _____ | _____ <br> Street _____ <br> City        State        Zip Code | ☐ Pending <br> ☐ On appeal <br> ☐ Concluded |
| 7.2 _____ <br> **Case number** _____ | _____ | _____ <br> Street _____ <br> City        State        Zip Code | ☐ Pending <br> ☐ On appeal <br> ☐ Concluded |

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| | | $ |
| Street | **Case title** | **Court name and address** |
| City          State          Zip Code | **Case number** | |
| | **Date of order or assignment** | |

---

**Part 4:    Certain Gifts and Charitable Contributions**

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1 | | | $ |
| Street | | | |
| City          State          Zip Code | | | |
| **Recipient's relationship to debtor** | | | |
| 9.2 | | | $ |
| Street | | | |
| City          State          Zip Code | | | |
| **Recipient's relationship to debtor** | | | |

---

**Part 5:    Certain Losses**

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106A/B (Schedule A/B: Assets - Real and Personal Property). | Date of loss | Value of property lost |
|---|---|---|---|
| | | | $ |

---

Debtor    GK8 USA LLC                                                Case number (If known)    22-11644
          Name

| Part 6: | Certain Payments or Transfers |

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None      <u>See Attached Rider</u>

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1 _____ | _____ | _____ | $ _____ |
| | _____ | | |
| **Address** | | | |
| _____ | | | |
| _____ | | | |
| Street | | | |
| _____ | | | |
| City            State            Zip Code | | | |
| | | | |
| **Email or website address** | | | |
| _____ | | | |
| **Who made the payment, if not debtor?** | | | |
| _____ | | | |

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.2 _____ | _____ | _____ | $ _____ |
| **Address** | | | |
| _____ | | | |
| _____ | | | |
| Street | | | |
| _____ | | | |
| City            State            Zip Code | | | |
| | | | |
| **Email or website address** | | | |
| _____ | | | |
| **Who made the payment, if not debtor?** | | | |
| _____ | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| _____ | _____ | _____ | $ _____ |
| | _____ | | |
| **Trustee** | | | |
| _____ | | | |

| Debtor | GK8 USA LLC | Case number (If known) | 22-11644 |
|---|---|---|---|
| | Name | | |

**13. Transfers not already listed on this statement**

List any transfers of money or other property-by sale, trade, or any other means-made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs . Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.1 | | | $ |
| **Address** | | | |
| Street | | | |
| City          State          Zip Code | | | |
| **Relationship to debtor** | | | |
| | | | |

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.2 | | | $ |
| **Address** | | | |
| Street | | | |
| City          State          Zip Code | | | |
| **Relationship to debtor** | | | |
| | | | |

**Part 7:**    Previous Locations

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | Dates of Occupancy |
|---|---|
| 14.1 Street | From _____  To _____ |
| City          State          Zip Code | |
| 14.2 Street | From _____  To _____ |
| City          State          Zip Code | |

| Debtor | GK8 USA LLC | | Case number (if known) | 22-11644 |
|---|---|---|---|---|
| | Name | | | |

---

| **Part 8:** | **Health Care Bankruptcies** |
|---|---|

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for :
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| | Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|---|
| 15.1 | _____ | _____ | _____ |
| | Street | | |
| | _____ | | |
| | City        State        Zip Code | | |
| | | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** |
| | | _____ | *Check all that apply:* |
| | | _____ | ☐ Electronically |
| | | | ☐ Paper |

| | Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|---|
| 15.2 | _____ | _____ | _____ |
| | Street | | |
| | _____ | | |
| | City        State        Zip Code | | |
| | | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** |
| | | _____ | *Check all that apply:* |
| | | _____ | ☐ Electronically |
| | | | ☐ Paper |

---

| **Part 9:** | **Personally Identifiable Information** |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.
☐ Yes. State the nature of the information collected and retained. _____

Does the debtor have a privacy policy about that information?
☐ No
☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.
Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.
☐ Yes. Fill in below

| Name of plan | Employer identification number of the plan |
|---|---|
| _____ | EIN: _____ |

Has the plan been terminated?
☐ No
☐ Yes

---

| Debtor | GK8 USA LLC | Case number (If known) | 22-11644 |
|---|---|---|---|
| | Name | | |

**Part 10:**   Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name , or for the debtor's benefit, closed, old, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1 _____ <br> Street _____ <br> City    State    Zip Code | XXXX- _____ | ☐ Checking <br> ☐ Savings <br> ☐ Money Market <br> ☐ Brokerage <br> ☐ Other _____ | _____ | $ _____ |
| 18.2 _____ <br> Street _____ <br> City    State    Zip Code | XXXX- _____ | ☐ Checking <br> ☐ Savings <br> ☐ Money Market <br> ☐ Brokerage <br> ☐ Other _____ | _____ | $ _____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____ <br> Street _____ <br> City    State    Zip Code | _____ <br><br> **Address** <br> _____ <br> _____ | _____ <br> _____ | ☐ No <br> ☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____ <br> Street _____ <br> City    State    Zip Code | _____ <br><br> **Address** <br> _____ <br> _____ | _____ <br> _____ | ☐ No <br> ☐ Yes |

Debtor    GK8 USA LLC
_____    Case number (If known)    22-11644
Name

---

**Part 11:**    Property the Debtor Holds or Controls That the Debtor Does Not Own

21. **Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | $ _____ |
| _____ | _____ | _____ | |
| Street | | | |
| _____ | | | |
| City          State          Zip Code | | | |

---

**Part 12:**    Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

■  *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

■  *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

■  *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| _____ | _____ | _____ | ☐  Pending |
| | Street | | ☐  On appeal |
| **Case Number** | _____ | | ☐  Concluded |
| _____ | City          State          Zip Code | | |

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| Street | Street | | |
| _____ | _____ | | |
| City          State          Zip Code | City          State          Zip Code | | |

---

Debtor    GK8 USA LLC
Name                                                                      Case number (If known)    22-11644

24.  Has the debtor notified any governmental unit of any release of hazardous material?

☑  No
☐  Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| Street | Street | _____ | |
| _____ | _____ | | |
| City        State        Zip Code | City        State        Zip Code | | |

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

25.  **Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
Include this information even if already listed in the Schedules.

☑  None

| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1 _____ | _____ | EIN: _____ |
| Street _____ | _____ | **Dates business existed** |
| City        State        Zip Code | | From _____  To _____ |
| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
| 25.2 _____ | _____ | EIN: _____ |
| Street _____ | _____ | **Dates business existed** |
| City        State        Zip Code | | From _____  To _____ |
| Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
| 25.3 _____ | _____ | EIN: _____ |
| Street _____ | _____ | **Dates business existed** |
| City        State        Zip Code | | From _____  To _____ |

| Debtor | GK8 USA LLC | Case number (If known) | 22-11644 |
|---|---|---|---|
| | Name | | |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None    **See Attached Rider**

| Name and address | | Dates of service | |
|---|---|---|---|
| 26a.1 | | From _____ To _____ | |
| Street | | | |
| City          State          Zip Code | | | |

| Name and address | | Dates of service | |
|---|---|---|---|
| 26a.2 | | From _____ To _____ | |
| Street | | | |
| City          State          Zip Code | | | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1   GUBERMAN CONSULTING<br>OF 12 YAD HARUTZIM RD<br>TEL- AVIV,<br>ISRAEL | From 12/07/2020    To 12/07/2022 |

| Name and address | Dates of service |
|---|---|
| 26b.2   KOST FORER GABBAY & KASIERER, A MEMBER OF ERNST & YOUNG GLOBAL<br>144 MENACHEM BEGIN RD<br>6492102<br>TEL AVIV,<br>ISRAEL | From 12/07/2020    To 12/07/2022 |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None    **See Attached Rider**

| Name and address | if any books of account and records are unavailable, explain why |
|---|---|
| 26c.1 | |
| Street | |
| City          State          Zip Code | |

Debtor   GK8 USA LLC
Name

Case number (if known)   22-11644

| Name and address | if any books of account and records are unavailable, explain why |
|---|---|
| 26c.2 _____ | _____ |
| _____ | _____ |
| Street _____ | |
| City          State          Zip Code | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None    **See Attached Rider**

| Name and address |
|---|
| 26d.1 _____ |
| Street _____ |
| City          State          Zip Code |

| Name and address |
|---|
| 26d.2 _____ |
| Street _____ |
| City          State          Zip Code |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $ _____ |

| Name and address of the person who has possession of inventory records | | |
|---|---|---|
| 27.1 _____ | | |
| Street _____ | | |
| City          State          Zip Code | | |

Debtor   GK8 USA LLC
Name

Case number (If known)   22-11644

| Name of the person who supervised the taking of the inventory | | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|---|
| | | | $ |

| Name and address of the person who has possession of inventory records | |
|---|---|
| 27.2 | |
| Street | |
| City | State | Zip Code |

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| See Attached Rider | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No

☑ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| See Attached Rider | | | From       To |
| | | | From       To |
| | | | From       To |
| | | | From       To |

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No

☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1 | | | |
| | | | |

| Relationship to debtor |
|---|
| |

Debtor   GK8 USA LLC
Name

Case number (if known)   22-11644

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.2 | | | |

Street

City            State            Zip Code

| Relationship to debtor |
|---|

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| | EIN: |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | EIN: |

| Part 14: | Signature and Declaration |
|---|---|

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on        01/20/2023

        MM / DD / YYYY

X  /s/ Christopher Ferraro                    Printed name    Christopher Ferraro
Signature of individual signing on behalf of the debtor

Position or relationship to debtor        Acting Board Member

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☐ No
☑ Yes

Debtor Name:  GK8 USA LLC                                                                    Case Number:  22-11644

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 11:** Payments related to bankruptcy

| Who was paid or who received the transfer? | Email or website | Who made payment? | Description of Property | Date | Amount |
|---|---|---|---|---|---|
| AKIN GUMP STRAUSS HAUER & FELD LLP<br>ONE BRYANT PARK<br>NEW YORK, NY 10036-6745 | https://www.akingump.com/en/ | Celsius Network Limited | N/A | 06/14/2022 | $ 1,000,000.00 |
| AKIN GUMP STRAUSS HAUER & FELD LLP<br>ONE BRYANT PARK<br>NEW YORK, NY 10036-6745 | https://www.akingump.com/en/ | Celsius Network Limited | N/A | 06/24/2022 | $ 850,000.00 |
| AKIN GUMP STRAUSS HAUER & FELD LLP<br>ONE BRYANT PARK<br>NEW YORK, NY 10036-6745 | https://www.akingump.com/en/ | Celsius Network Limited | N/A | 07/06/2022 | $ 250,000.00 |
| AKIN GUMP STRAUSS HAUER & FELD LLP<br>ONE BRYANT PARK<br>NEW YORK, NY 10036-6745 | https://www.akingump.com/en/ | Celsius Network Limited | N/A | 07/12/2022 | $ 150,000.00 |
| AKIN GUMP STRAUSS HAUER & FELD LLP<br>ONE BRYANT PARK<br>NEW YORK, NY 10036-6745 | https://www.akingump.com/en/ | Celsius Network Limited | N/A | 10/31/2022 | $ 741,898.56 |
| ALVAREZ AND MARSAL NORTH AMERICA, LLC<br>600 MADISON AVENUE<br>8TH FLOOR<br>NEW YORK, NY 10022 | https://www.alvarezandmarsal.com/ | Celsius Network Limited | N/A | 06/21/2022 | $ 1,000,000.00 |
| ALVAREZ AND MARSAL NORTH AMERICA, LLC<br>600 MADISON AVENUE<br>8TH FLOOR<br>NEW YORK, NY 10022 | https://www.alvarezandmarsal.com/ | Celsius Network Limited | N/A | 06/24/2022 | $ 950,000.00 |
| ALVAREZ AND MARSAL NORTH AMERICA, LLC<br>600 MADISON AVENUE<br>8TH FLOOR<br>NEW YORK, NY 10022 | https://www.alvarezandmarsal.com/ | Celsius Network Limited | N/A | 07/06/2022 | $ 650,000.00 |
| ALVAREZ AND MARSAL NORTH AMERICA, LLC<br>600 MADISON AVENUE<br>8TH FLOOR<br>NEW YORK, NY 10022 | https://www.alvarezandmarsal.com/ | Celsius Network Limited | N/A | 07/11/2022 | $ 600,000.00 |
| ALVAREZ AND MARSAL NORTH AMERICA, LLC<br>600 MADISON AVENUE<br>8TH FLOOR<br>NEW YORK, NY 10022 | https://www.alvarezandmarsal.com/ | Celsius Network Limited | N/A | 07/12/2022 | $ 200,000.00 |
| ALVAREZ AND MARSAL NORTH AMERICA, LLC<br>600 MADISON AVENUE<br>8TH FLOOR<br>NEW YORK, NY 10022 | https://www.alvarezandmarsal.com/ | Celsius Network Limited | N/A | 10/26/2022 | $ 2,369,334.30 |
| CENTERVIEW PARTNERS LLC<br>31 WEST 52ND STREET<br>NEW YORK, NY 10019 | https://www.centerviewpartners.com/ | Celsius Network LLC | N/A | 06/21/2022 | $ 260,000.00 |
| CENTERVIEW PARTNERS LLC<br>31 WEST 52ND STREET<br>NEW YORK, NY 10019 | https://www.centerviewpartners.com/ | Celsius Network LLC | N/A | 07/11/2022 | $ 250,246.59 |
| CENTERVIEW PARTNERS LLC<br>31 WEST 52ND STREET<br>NEW YORK, NY 10019 | https://www.centerviewpartners.com/ | Celsius Network LLC | N/A | 09/27/2022 | $ 450,000.00 |

Debtor Name:  GK8 USA LLC                                                                                    Case Number:  22-11644

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 11:** Payments related to bankruptcy

| Who was paid or who received the transfer? | Email or website | Who made payment? | Description of Property | Date | Amount |
|---|---|---|---|---|---|
| CENTERVIEW PARTNERS LLC 31 WEST 52ND STREET NEW YORK, NY 10019 | https://www.centerviewpartners.com/ | Celsius Network LLC | N/A | 10/27/2022 | $ 203,444.82 |
| CENTERVIEW PARTNERS LLC 31 WEST 52ND STREET NEW YORK, NY 10019 | https://www.centerviewpartners.com/ | Celsius Network Limited | N/A | 12/06/2022 | $ 200,753.97 |
| COLE SCHOTZ P.C 1325 AVENUE OF THE AMERICAS 19TH FLOOR NEW YORK, NY 10019 | https://www.coleschotz.com/ | Celsius Network Limited | N/A | 06/24/2022 | $ 150,000.00 |
| EY 401 9TH AVE NEW YORK, NY 10001 | https://www.ey.com/en_us | Celsius Network Inc. | N/A | 05/05/2022 | $ 26,250.00 |
| EY 401 9TH AVE NEW YORK, NY 10001 | https://www.ey.com/en_us | Celsius Network Limited | N/A | 05/12/2022 | $ 33,041.00 |
| EY 401 9TH AVE NEW YORK, NY 10001 | https://www.ey.com/en_us | Celsius Network LLC | N/A | 05/12/2022 | $ 18,000.00 |
| EY 401 9TH AVE NEW YORK, NY 10001 | https://www.ey.com/en_us | Celsius Network Inc. | N/A | 05/12/2022 | $ 44,000.00 |
| EY 401 9TH AVE NEW YORK, NY 10001 | https://www.ey.com/en_us | Celsius Network Inc. | N/A | 06/09/2022 | $ 26,250.00 |
| EY 401 9TH AVE NEW YORK, NY 10001 | https://www.ey.com/en_us | Celsius Network Limited | N/A | 06/27/2022 | $ 52,384.00 |
| EY 401 9TH AVE NEW YORK, NY 10001 | https://www.ey.com/en_us | Celsius Network LLC | N/A | 06/27/2022 | $ 181,000.00 |
| FISCHER BEHAR CHEN WELL ORION CO. 146 MENACHEM BEGIN RD TEL-AVIV, 6492103 ISRAEL | https://www.fbclawyers.com/ | Celsius Network IL Ltd. | N/A | 11/24/2022 | $ 187,508.77 |
| FISCHER BEHAR CHEN WELL ORION CO. 146 MENACHEM BEGIN RD TEL-AVIV, 6492103 ISRAEL | https://www.fbclawyers.com/ | Celsius Network IL Ltd. | N/A | 12/07/2022 | $ 23,947.37 |
| KIRKLAND & ELLIS LLP 300 NORTH LASALLE STREET CHICAGO, IL 60654 | https://www.kirkland.com/ | Celsius Network Limited | N/A | 06/30/2022 | $ 1,000,000.00 |
| KIRKLAND & ELLIS LLP 300 NORTH LASALLE STREET CHICAGO, IL 60654 | https://www.kirkland.com/ | Celsius Network Limited | N/A | 07/08/2022 | $ 1,500,000.00 |
| KIRKLAND & ELLIS LLP 300 NORTH LASALLE STREET CHICAGO, IL 60654 | https://www.kirkland.com/ | Celsius Network Limited | N/A | 07/11/2022 | $ 1,000,000.00 |
| KIRKLAND & ELLIS LLP 300 NORTH LASALLE STREET CHICAGO, IL 60654 | https://www.kirkland.com/ | Celsius Network Limited | N/A | 10/31/2022 | $ 2,409,848.27 |

Debtor Name:  GK8 USA LLC                                                                                                    Case Number:  22-11644

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 11:** Payments related to bankruptcy

| Who was paid or who received the transfer? | Email or website | Who made payment? | Description of Property | Date | Amount |
|---|---|---|---|---|---|
| STRETTO, INC.<br>410 EXCHANGE<br>STE. 100<br>IRVINE, CA 92602 | https://www.stretto.com/ | Celsius Network Limited | N/A | 06/24/2022 | $ 50,000.00 |
| STRETTO, INC.<br>410 EXCHANGE<br>STE. 100<br>IRVINE, CA 92602 | https://www.stretto.com/ | Celsius Network Limited | N/A | 07/11/2022 | $ 25,000.00 |
| STRETTO, INC.<br>410 EXCHANGE<br>STE. 100<br>IRVINE, CA 92602 | https://www.stretto.com/ | Celsius Network Limited | N/A | 09/02/2022 | $ 1,457,985.60 |
| STRETTO, INC.<br>410 EXCHANGE<br>STE. 100<br>IRVINE, CA 92602 | https://www.stretto.com/ | Celsius Network Limited | N/A | 11/04/2022 | $ 3,344,801.51 |
| STRETTO, INC.<br>410 EXCHANGE<br>STE. 100<br>IRVINE, CA 92602 | https://www.stretto.com/ | Celsius Network Limited | N/A | 12/06/2022 | $ 759,984.86 |
| WILLIS TOWERS WATSON<br>800 N GLEBE RD<br>STE 1000<br>ARLINGTON, VA 22203-2150 | https://www.wtwco.com/en-US | Celsius Network Limited | N/A | 06/28/2022 | $ 75,000.00 |
| WILLIS TOWERS WATSON<br>800 N GLEBE RD<br>STE 1000<br>ARLINGTON, VA 22203-2150 | https://www.wtwco.com/en-US | Celsius Network Limited | N/A | 08/11/2022 | $ 75,000.00 |
| WILLIS TOWERS WATSON<br>800 N GLEBE RD<br>STE 1000<br>ARLINGTON, VA 22203-2150 | https://www.wtwco.com/en-US | Celsius Network Limited | N/A | 08/19/2022 | $ 75,000.00 |
| WILLIS TOWERS WATSON<br>800 N GLEBE RD<br>STE 1000<br>ARLINGTON, VA 22203-2150 | https://www.wtwco.com/en-US | Celsius Network Limited | N/A | 09/27/2022 | $ 75,000.00 |
| WILLIS TOWERS WATSON<br>800 N GLEBE RD<br>STE 1000<br>ARLINGTON, VA 22203-2150 | https://www.wtwco.com/en-US | Celsius Network Limited | N/A | 10/03/2022 | $ 75,000.00 |
| WILLIS TOWERS WATSON<br>800 N GLEBE RD<br>STE 1000<br>ARLINGTON, VA 22203-2150 | https://www.wtwco.com/en-US | Celsius Network Limited | N/A | 10/28/2022 | $ 75,000.00 |

For the avoidance of doubt, above is a list of all payments related to bankruptcy made by or on behalf of the following debtors within 1 year before the filing of this case: Celsius Network LLC (Case No. 22-10964); Celsius KeyFi LLC (Case No. 22-10967); Celsius Lending LLC (Case No. 22-10970); Celsius Mining LLC (Case No. 22-10968); Celsius Network Inc. (Case No. 22-10965); Celsius Network Limited (Case No. 22-10966); Celsius Networks Lending LLC (Case No. 22-10969); Celsius US Holding LLC (Case No. 22-10971); GK8 Ltd. (Case No. 22- 11643); GK8 UK Limited (Case No. 22-11645); and GK8 USA LLC (Case No. 22-11644). The amounts received by Debtor professionals on account of work performed for the Debtors prior to the original petition date of July 13, 2022 (the "Initial Petition Date") were previously disclosed in the Statement of Financial Affairs of such Debtors on October  5, 2022.  Payments to professionals made following the Initial Petition Date were made pursuant to applicable orders governing the compensation of estate professionals entered by the Bankruptcy Court.

Debtor Name:  GK8 USA LLC                                                                                   Case Number:  22-11644

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 26a:** List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

| Name and Address | From | To |
|---|---|---|
| ASWAN SEETHARAMAN<br>50 HARRISON STREET<br>SUITE 209F<br>HOBOKEN, NJ 07030 | 04/19/2022 | Current |
| CHRISTOPHER FERRARO<br>50 HARRISON STREET<br>SUITE 209F<br>HOBOKEN, NJ 07030 | 07/12/2022 | Current |
| ERAN LEVI<br>ADDRESS REDACTED | 04/20/2021 | 08/20/2022 |
| NADAV SCHLEIFER<br>DANIEL FRISCH 3 STREET<br>TEL AVIV-YAFO, 6473104 ISRAEL | 03/20/2022 | Current |
| YANIV TSUR<br>ADDRESS REDACTED | 06/20/2021 | 11/30/2022 |
| YARON SHALEM<br>ADDRESS REDACTED | 11/01/2021 | 02/14/2022 |

Debtor Name:  GK8 USA LLC

Case Number:  22-11644

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 26c:** Firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

| Name and Address | If unavailable, why? |
|---|---|
| ASWAN SEETHARAMAN<br>50 HARRISON STREET<br>SUITE 209F<br>HOBOKEN, NJ 07030 | |
| CHRISTOPHER FERRARO<br>50 HARRISON STREET<br>SUITE 209F<br>HOBOKEN, NJ 07030 | |
| GUBERMAN CONSULTING<br>OF 12 YAD HARUTZIM RD<br>TEL- AVIV, ISRAEL | |
| KOST FORER GABBAY & KASIERER, A MEMBER OF ERNST & YOUNG GLOBAL<br>144 MENACHEM BEGIN RD<br>6492102<br>TEL AVIV, ISRAEL | |
| NADAV SCHLEIFER<br>DANIEL FRISCH 3 STREET<br>TEL AVIV-YAFO, 6473104 ISRAEL | |

Debtor Name:  GK8 USA LLC                                                                                    Case Number:  22-11644

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 26d:** List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issues a financial statement within 2 years before filing this case.

| Name and Address |
|---|
| N/A |

In the ordinary course of business, the debtor provides financial statements to certain parties, such as financial institutions, investment banks, auditors, potential investors, vendors and financial advisors. The debtor does not maintain complete lists to track such disclosures, and as such, the debtor has not provided a listing of these parties in response to this question.

Debtor Name:  GK8 USA LLC                                                                                    Case Number:  22-11644

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 28:** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position | % Interest |
|---|---|---|---|
| CHRISTOPHER FERRARO | 50 HARRISON STREET<br>SUITE 209F<br>HOBOKEN, NJ 07030 | Director | N/A |
| GK8 LTD. | DANIEL FRISCH 3 STREET<br>TEL AVIV-YAFO, 6473104 ISRAEL | Sole Member | 100.00% |

Debtor Name:  GK8 USA LLC                                                                                          Case Number:  22-11644

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 29:** Within 1 year before the filing of this case,  did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

| Name | Address | Position | Start | End |
|------|---------|----------|-------|-----|
| S. DANIEL LEON | ADDRESS REDACTED | Director | 06/10/2022 | 12/01/2022 |